Christopher A. Simcox #311769
Name and Prisoner/Booking Number

Arizona ADOC Lewis Rast Max
Place of Confinement

P.O. Box 3500
Mailing Address

Buckeye, AZ 85326
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

☒ FILED   ☐ LODGED

# Sep 16 2020

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ARIZONA

Christopher Allen Simcox ,
(Full Name of Plaintiff)

Plaintiff,

v.

(1) David Shinn - ADOC Director,
(Full Name of Defendant)

(2) and others ,

(3) _____ ,

(4) _____ ,

Defendant(s).

☒ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. CV 20-01294-PHX-JJT (DMF)
(To be supplied by the Clerk)

### CIVIL RIGHTS COMPLAINT
### BY A PRISONER

☐ Original Complaint
☒ First Amended Complaint
☐ Second Amended Complaint

### A.  JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
     ☒ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
     ☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
     ☐ Other: _____ .

2.   Institution/city where violation occurred: _____ .

Revised 3/11/16                                   1                          **550/555**

## Defendants

2) Thompson — Warden—Lewis

3) Coleman — Deputy Warden — Rast Max

4) Darby — Associate Deputy Warden — Rast Max

5) Briemer — Captain — Rast Max

6) Cameron — CO4 — Rast Max

7) Morris — CO4 — Rast Max

8) Daniels — CO3 — Rast Max

9) Strode — CO3 Rast Max

10) Ronald Towles — Central Office — Security Officer

## B.  DEFENDANTS

1.  Name of first Defendant: David Shinn . The first Defendant is employed
as: ADOC Director at ADOC Director Central Office .
(Position and Title) (Institution)

2.  Name of second Defendant: Thompson . The second Defendant is employed as:
as: Warden at ADOC Lewis Facility .
(Position and Title) (Institution)

3.  Name of third Defendant: Coleman . The third Defendant is employed
as: Deputy Warden at ADOC Lewis - Rast Max .
(Position and Title) (Institution)

4.  Name of fourth Defendant: Darby . The fourth Defendant is employed
as: Associate Deputy Warden at ADOC Lewis Rast Max .
(Position and Title) (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?     ☐ Yes     ☒ No

2.  If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

  a.  First prior lawsuit:
    1.  Parties: _____ v. _____
    2.  Court and case number: _____.
    3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
    _____.

  b.  Second prior lawsuit:
    1.  Parties: _____ v. _____
    2.  Court and case number: _____.
    3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
    _____.

  c.  Third prior lawsuit:
    1.  Parties: _____ v. _____
    2.  Court and case number: _____.
    3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
    _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## Defendants

5) Briemer – Captain – ADOC Lewis Rast Max

6) Cameron – CO4 – ADOC Lewis Rast Max

7) Morris – CO4 – ADOC Lewis Rast Max

8) Daniels – CO3 – ADOC Lewis Rast Max

9) Strode – CO3 – ADOC Lewis Rast Max

10) Ronald Towles – Security Admin Officer – Central Office

## D.  CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: Amendment 8, Civil Rights Violation, cruel unusual punishment with no due process

2.   **Count I.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
☐ Basic necessities          ☐ Mail                    ☐ Access to the court     ☐ Medical care
☐ Disciplinary proceedings   ☐ Property                ☐ Exercise of religion    ☐ Retaliation
☐ Excessive force by an officer ☐ Threat to safety     ☒ Other: Denial of earned priveleges

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count I.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

Since filing original complaint, plaintiff has been targeted by officers: cell stripped of all remaining property, including personal books, writing paper, clothing as punishment for filing federal complaint. Informed by Lieutenant that plan to reinstate priveleges including new housing and porters job withdrawn as retribution.
    Plaintiff sent 3 inmate letters to CO3 Daniels, CO4 Cameron, Legal Library requesting: Copy of inmate handbook, copy of ADOC Administrative Procedure Act - no response. Plaintiff requested copy of Inmate Handbook, ADOC Administrative Procedure Act, and multiple case law references i.e. Malumphy v. MacDowall, 125 Ariz. 483, 610 P.2d 1044 (1980), Colon v. Howard, 215 F.3d 227 (2d Cir. 2000), Wilkinson v. Austin, 545 U.S. 209 (2005) - these requests from Legal Library - Librarian A. Hartzell were denied. Plaintiff requests this court compel Lewis Rast Max Admin and library to provide access to these documents in order to make thorough challenge to denial of complaint.
    Plaintiff conducted a 5-day hunger strike to gain face to face interview with Associate Deputy Warden Darby which took place on August 27, 2020.
Continued 3A

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

Plaintiff being held in pre-hearing detention - loss of Phase 3 priveleges, kept in solitary confinement for 320 days for no reason. Loss of liberty, no due process, atypical significant hardship.

5.   **Administrative Remedies:**
a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                      ☒ Yes   ☐ No
b.   Did you submit a request for administrative relief on Count I?                                ☒ Yes   ☐ No
c.   Did you appeal your request for relief on Count I to the highest level?                       ☒ Yes   ☐ No
d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. Filed (2) two formal grievance complaints with no response. I have copies to verify.

3

Plaintiff met with Lieutenant O'Halloran and ADW Darby on 8-27-20 in the office of L.T O'Halloran who verified to ADW that I was not classified as 'Refuse to House' (RTH) and that Bachman Yard ADW Holland refused to have me return to Bachman Yard due to concerns for my safety. Lieutenant O'Halloran also confirmed that alternate classification as 'Involuntary Protective Custody' – I.P.C. was available to other inmates and could be offered to plaintiff.

ADW Darby then agreed to "re-open" the investigation; basically beginning at square one — CDU – Complex Detention Unit – pre-hearing detention – even though no new ticket was issued and previous ticket for RTH was formally dismissed on 3-18-20. How can they hold me in pre-detention when by policy procedure no ticket has been issued?

ADOC. Department order 803-2.1 states; "The unit Deputy Warden may place an inmate in pre-hearing detention at a Complex Detention Unit (CDU) when charged with Class A, B or C violations and an investigation is required. Inmates shall receive verbal notification of the reasons for detention at the time of their initial placement immediately following the rule violation". Plaintiff has been held for 320 days without resolution. No new violation has been issued.

803-2.2 "The unit Deputy Warden or designee shall review the inmate's pre-hearing status by the next workday after admission to the CDU. The unit Deputy Warden or designee may retain the inmate in detention or authorize release to general population." 803-2.3 "Inmates in pre-hearing detention shall be afforded priveleges as outlined in Department Order 804, Inmate Behavior Control." Plaintiff has never had disciplinary issues.

3A

Plaintiff cannot have access to legal Library to complete research or to provide copies of Administrative procedures or policy. Plaintiff requests the court to obtain access to ADOC Administrative procedures, policy and case law identified previously.

Plaintiff requests court to call on Lieutenant O'Halbran and ADW Darby as witnesses to confirm pre-hearing detention status, as well as to confirm alternative classification and housing that allows plaintiff access to phase 3 priveleges, including phone calls to family. There are other inmates at this facility who are being housed with priveleges intact, so precedent has been established. Lieutenant O'Halloran can confirm this fact.

Plaintiff requests court to compel Rast Max Library to allow plaintiff access to legal references including case law neccesary to argue this complaint against ADOC.

Plaintiff's classification and restriction of priveleges is arbitrary and capricious and not within stated policy.

Plaintiff being targeted with reprisals by ADOC staff for filing complaint is reprehensible and wrong.

ADOC Administrative and Library personel have been obstructive in every way, with obsticles to prevent plaintiff from obtaining necessary information and obstructing ability to file response in a timely manner. Plaintiff requested on 9-7-20 for library staff to pick up E-file; as of 9-15-20 library has ignored requests to collect and E-file this amended response to the court.

**COUNT II**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count II.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
   ☐ Basic necessities                    ☐ Mail                    ☐ Access to the court          ☐ Medical care
   ☐ Disciplinary proceedings         ☐ Property           ☐ Exercise of religion        ☐ Retaliation
   ☐ Excessive force by an officer   ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count II.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at
        your institution?                                                                                   ☐ Yes        ☐ No
   b.   Did you submit a request for administrative relief on Count II?              ☐ Yes        ☐ No
   c.   Did you appeal your request for relief on Count II to the highest level?  ☐ Yes        ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you
        did not. _____
        _____.

4

**COUNT III**

1. State the constitutional or other federal civil right that was violated: _____

_____.

2. **Count III.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____.

3. **Supporting Facts.**   State as briefly as possible the FACTS supporting Count III.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4. **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?   ☐ Yes   ☐ No
   b. Did you submit a request for administrative relief on Count III?   ☐ Yes   ☐ No
   c. Did you appeal your request for relief on Count III to the highest level?   ☐ Yes   ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

_____.

If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.

## E.   REQUEST FOR RELIEF

State the relief you are seeking:

Plaintiff requests reinstatement of all phase 3 priveleges while being housed in CDU in pre-hearing status' and while being held at Rast Max as precedent has been established for other inmates in similar situations. Plaintiff has no tickets, no disciplinary violations but has no housing options available, but can receive phase 3 priveleges as other inmates have been afforded by ADOC Rast Max administration.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   9-9-2020

_____
DATE

_____
SIGNATURE OF PLAINTIFF

_____
(Name and title of paralegal, legal assistant, or other person who helped prepare this complaint)

_____
(Signature of attorney, if any)

_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages.   But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.

SIMCOX, CHRIS A. 311769 Lewis Rast-Max 8-21-20
Legal Library

Request access to ARS Statutes regarding
Department of Corrections.

Request AZ Dept. of Corrections - handbooks for
prisoners regarding programs - discipline -
attainment of priveleges - loss of priveleges.

Request case law - Malumphy v. MacDougall, 125 Ariz.
483, 610 P.2d 1044 (1980)

Request copy of Arizona's Administrative Procedure Act.

Request case law: Colon v. Howard, 215 F.3d 227
                                          (2d Cir. 2000)
Wilkinson v. Austin, 545 U.S. 209 (2005)